LITTLER MENDELSON, P.C.
Dennis M. Brown (*pro hac vice* admission pending)
Henry Lederman
Michael P. Pappas
900 Third Avenue
New York, New York 10022-3298
(212) 583-9600

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI MCDONALD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION and INTRACORP,<br><br>      Defendants. | Case No: 10 CV 6498 (CM)<br><br>ECF Case |

### DECLARATION OF JOAN CLIME

  1. The information set forth in this declaration is based on my personal and first hand knowledge, except as to those matters stated on information and belief. If called and sworn as a witness, I could and would competently testify to all the statements made below.

  2. I am currently employed by CIGNA Corporation as Alternative Dispute Resolution Coordinator and have been employed in this capacity since October 2000. As Alternative Dispute Resolution Coordinator, I am fully familiar with the CIGNA companies' arbitration policies and procedures, including the Employment Dispute Arbitration Program applicable to employees of the CIGNA companies. My knowledge

also encompasses the process by which newly-hired employees acknowledge their acceptance of the Employment Dispute Arbitration Program.

3.      It was at the time of Ms. McDonald's hire, and continues to be the custom and practice of the CIGNA companies, including Intracorp, to require all employees to electronically execute the Handbook Verification either prior to or within a short time after commencing employment. Therefore, the CIGNA companies have established a process designed to ensure that every employee has completed this required step in the employment process.

4.      The CIGNA companies' PeopleSoft employee relations record keeping system, which is linked with the New Hire Website, tracks whether an employee has completed the Handbook Verification.

5.      If an employee's Handbook Verification has not been executed within two days of their start date, a reminder email is automatically sent to the employee's company email address informing the employee that the CIGNA companies require all employees to read and acknowledge receipt of the Employee Handbook on or before an individual's first day of employment and, according to company records, the employee has not signed the electronic employee handbook acknowledgment.

6.      Additionally, each week I run a "PeopleSoft Employee Handbook Receipt Report" for those employees hired within the prior two weeks. If the report indicates that an employee still has not executed a Handbook Verification, a final email reminder is sent to the employee giving a date certain by which they are required to do so (typically one week from the date the final reminder email is sent).

7.      If, after being sent the final reminder email, the employee still has not executed the verification, the employee's manager will be notified in writing and directed to

follow up personally with the employee. The manager will also be instructed that, if the employee continues to refuse to execute the Handbook Verification, the manager must begin the process of terminating the employee. If no response is received from the manager, the manager is sent a final request (with a copy to Employee Relations) to obtain an executed verification from the employee or else begin the termination process.

8. If the employee's manager is still unable to obtain an executed Handbook Verification from the employee, CIGNA's Employee Relations Director, Marjorie Stein, is notified. In addition, the Human Resources department is instructed in writing to contact the employee and, if no verification is forthcoming, terminate the employee's employment.

9. I have searched the appropriate records and did not locate any documents suggesting that Lori McDonald failed to execute a Handbook Verification. Specifically, there is no record of any email reminders or letters being sent to Ms. McDonald, her manager, the Human Resources department, or the Employee Relations department, indicating that she had not completed the Handbook Verification process. The absence of any such notifications (as well as the fact that she was allowed to remain employed) necessarily implies that Ms. McDonald in fact acknowledged the Handbook.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing nine (9) paragraphs are true and correct.

Executed on October 27, 2010.

_____
JOAN CLIME